SEXTON, Judge,
dissenting.
I respectfully dissent from the failure to grant a rehearing in this case. As I appreciate it, the holding here is that when a defendant bargains for a probated sentence, he may not receive jail time as a condition of that probation unless he is so advised at the time of his guilty plea.
Jail is a potential condition of probation established by law in felony cases. LSA-C. Cr.P. Art. 895 B. As with any condition of probation, that condition may be added, *132 modified or eliminated during the probationary period. LSA-C.Cr.P. Art. 896. In my judgment, the trial court should not be required to advise a defendant of this potential condition, or any other condition which is clearly established by law. The defendant and his counsel are charged with that knowledge and it should be counsel's responsibility to explain the potential conditions to his client.
The real issue here is, as counsel pleads in the application to withdraw the guilty plea, whether defendant was indeed misled by counsel’s statements to him that the defendant would not receive jail time as a result of the plea negotiations. I would simply remand for a hearing on that issue with instructions to vacate the plea if subsequent to the hearing the trial court is convinced that defendant was indeed misled by counsel.